Mary E. SHOEMAKER,
Plaintiff–Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services,
Defendant–Appellant.

No. 87–7696
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 1988.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Marvin Neil Smith, Jr., Asst. U.S. Attys., Birmingham, Ala., Russell Shultis, Office of General Counsel, Dept. of Health and Human Services, Baltimore, Md., for defendant-appellant.

R. Michael Booker, Shores & Booker, Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, VANCE and COX, Circuit Judges.

VANCE, Circuit Judge:

The sole issue in this appeal is whether a district court may consider interim benefits received by a social security claimant pursuant to 42 U.S.C. § 423(g) in computing an award of reasonable attorney's fees under 42 U.S.C. § 406(b). Because we find that the consideration of interim benefits for attorney's fee awards is not prohibited by the language of the statutes and the legislative history, and that absent an election by a claimant the interim benefits would be payable as past-due benefits, we affirm the district court's decision.

On March 12, 1979 appellee applied for social security disability benefits. The Secretary subsequently determined her to be disabled and awarded benefits. On August 13, 1982 the Social Security Administration determined that her disability had ceased as of July 1982. After a requested hearing, the decision was upheld by an administrative law judge. When the Appeals Council affirmed the ALJ's decision, appellee sought judicial review in federal district court. Finding that the ALJ failed to apply the proper legal standard, the district court remanded the case to the Secretary for further review. On remand the Secretary determined that appellee continued to be disabled and awarded her benefits.

During the pendency of the case on remand, appellee elected to receive "interim benefits" pursuant to 42 U.S.C. § 423(g).[1] As a result she received monthly benefits from December 1984 until December 21, 1986 when she was placed back on continuing pay status. Due to the favorable administrative decision, appellee received a lump-sum award of $4,768.88. This sum represented past-due benefits for the period from October 1982, when her payments ceased, until November 1984, when she elected interim benefits.

Appellee's attorney subsequently filed a petition in federal district court requesting an award of attorney's fees pursuant to 42 U.S.C. § 406(b).[2] He requested a fee of $2,015.75 for services rendered before the court. The attorney stated that the request did not exceed twenty five percent of "past-due benefits payable or paid" to appellee, and suggested that the funds withheld from the past-due benefits by the Secretary and the $726.13 the attorney withheld from appellee's interim benefits and placed in a trust account be used for payment of the award.

■ The Secretary opposed the request on the ground that under section 406, attorney's fee awards may not exceed twenty-

---

1. 42 U.S.C. § 423(g) provides in part:

    **(g) Continued payment of disability benefits during appeal**

    (1) In any case where—

    (A) an individual is a recipient of disability insurance benefits, or of child's, widow's, or widower's insurance benefits based on disability,

    (B) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and

    (C) a timely request for a hearing under section 421(d) of this title, or for an administrative review prior to such hearing, is pending with respect to the determination that is not so entitled,

    such individual may elect (in such manner and form and within such time as the Secretary shall by regulations prescribe) to have the payment of such benefits ... continued for an additional period beginning with the first month beginning after January 12, 1983, for which (under such determination) such benefits

are no longer otherwise payable, and ending with the earlier of (i) the month preceding the month in which a decision is made after such a hearing, (ii) the month preceding the month in which no such request for a hearing or an administrative review is pending, or (iii) June 1989.

2. Congress provided in 42 U.S.C. § 406(b)(1) that:

    Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

five percent of a claimant's past-due benefits. The Secretary maintained that interim benefits, because they have already been paid, are not past-due benefits. The Secretary noted that $1,589.62 was withheld from the claimant's past-due benefits for attorney's fees. Because $300 was awarded to the attorney for his administrative services,[3] the Secretary argued that only $1,289.62 was available for a fee award for the attorney's services before the court.

The district court awarded attorney's fees in the amount of $1,642.50. The district court rejected the Secretary's argument that attorney's fees could not be granted out of the interim benefits. Recognizing that the purpose of section 406 was "to limit the amount attorneys may collect" and reasoning that section 423(g)'s policy of eliminating hardship on claimants may not be achieved if the statute affected attorney's fees, the district court concluded that "Congress did not intend to limit further attorney's fees by its enactment of Section 423(g)."

Section 406(b) authorizes attorney's fees "not in excess of 25 percent of the total past-due benefits to which the claimant is entitled," and provides that the Secretary may certify such an amount "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b). Under an earlier statutory scheme, past-due benefits represented the amount of benefits that accrue during a claimant's appeal of the termination of benefits.[4] Due to the financial burden on claimants during the appeal process, Congress recently enacted section 423(g), which permits claimants to continue receiving disability payments during the redetermination of their entitlement to benefits.[5] See Schweiker v. Chilicky, ⎯ U.S. ⎯, ⎯ n. 3, 108 S.Ct. 2460, 2474 n. 3, 101 L.Ed.2d 370 (1988) (Brennan, J., dissenting).

Because Congress did not specifically refer to attorney's fee awards when it enacted section 423(g), the Secretary draws a distinction between "interim benefits" and "past-due benefits." The Secretary contends that neither the statutory language nor the legislative history indicates that an attorney's fee award under section 406(b) may be based in part on section 423(g) interim payments. According to the Secretary this demonstrates that Congress did not intend to increase the funds available for attorney's fee awards.

We believe that the Secretary's interpretation of section 406(b) fails to promote the goals of Congress in enacting the provision. While one of the purposes of section 406 is to limit attorney's fees, Congress also intended "to encourage effective legal representation" by ensuring that attorneys will receive a fee for their representation. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *see Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir.1985)

---

**3.** On June 30, 1987 the Secretary authorized appellee's attorney to receive a $300 fee for his administrative services. Because the attorney was holding $726.13 in a trust account, the Secretary authorized him to take the money from this account.

The district court also has awarded attorney's fees of $487.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Attorney's fee awards under EAJA are not subject to the statutory maximum in 42 U.S.C. § 406(b). *Watford v. Heckler*, 765 F.2d 1562, 1567 (11th Cir. 1985). Because the EAJA and section 406 awards represent compensation for the same work, however, the district court ordered that the smaller fee be refunded to the client.

**4.** Past-due benefits are not defined in the statute, but the Secretary's regulations provide:

"Past-due benefits" means the total amount of benefits payable under title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made.

20 C.F.R. § 404.1703.

**5.** One of the primary purposes of the interim benefits provision was to "ease the severe financial and emotional hardships that would otherwise be suffered by disabled persons." H.R. Rep. No. 618, 98th Cong., 2d Sess. 18 (1984); *reprinted in* 1984 U.S.Code Cong. & Admin. News 3038, 3055; *see also Heckler v. Day*, 467 U.S. 104, 126–28 n. 8, 104 S.Ct. 2249, 2261–62 n. 8, 81 L.Ed.2d 88 (Marshall, J., dissenting) (Senate Committee Report explained that emergency relief was warranted for claimants who had had their benefits terminated and then reinstated after appeal).

(citing S.Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), *reprinted in* 1965 U.S.Code Cong. & Admin.News 1943, 2062). Under the Secretary's interpretation, claimants who do not elect to receive interim benefits have a greater amount of money available for a reasonable attorney fee than those who elect the interim benefits. This would place claimants who elect the interim benefits at a disadvantage in obtaining effective legal representation.[6]

The Secretary's interpretation is also illogical. The Secretary argues that the interim benefits received by appellee resulted not from the actions of her counsel, but as a result of legislation. The Secretary adds that because interim benefits are paid prior to the reinstatement of benefits they are not "past-due benefits." We disagree. Section 423(g) provides that a claimant may receive the interim benefits pending a final decision by the Secretary, but if the decision is unfavorable the interim benefits are considered "overpayments" and must be repaid. 42 U.S.C. § 423(g)(2)(A).[7] The claimant, therefore, is not entitled to the benefits until the Secretary renders a favorable decision. We note also that after the Secretary determines that the claimant is entitled to continuing benefits, the claimant receives past-due benefits only for the period from the cessation of benefits until the time of the election. Absent an election by the claimant, the interim benefits accumulate and are reimbursed as "past-due benefits."

We recognize that where Congress has not directly addressed the question at issue, the agency's interpretation of the statute should be accorded considerable weight. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Southern Motors Carriers Rate Conference v. United States,* 773 F.2d 1561, 1567 (11th Cir.1985). Courts, however, need not accept an agency's interpretation that frustrates the underlying congressional policy. *See Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Auth.,* 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983); *see also Frank Diehl Farms v. Secretary of Labor,* 696 F.2d 1325, 1331 (11th Cir. 1983) ("[t]he court remains the final authority on issues of statutory construction"). Because the Secretary's interpretation is unreasonable and not consistent with the purposes of the statute and the legislative history, we are not required to accept it.[8] We therefore hold that interim benefits received pursuant to 42 U.S.C. § 423(g) may be considered by a district court in awarding attorney's fees under 42 U.S.C. § 406(b).

AFFIRMED.

---

**6.** *See Santos Rivera v. Secretary of Health & Human Servs.,* 674 F.Supp. 963, 965 (D.P.R. 1987).

**7.** Congress recognized that the repayment of interim benefits after an unfavorable ruling may make individuals reluctant to make this election. The legislative history reflects an intent to lessen this impact by allowing the Secretary to consider waiving repayment or providing for an extended repayment plan. *See* H.R. Rep. No. 618, 98th Cong., 2d Sess. 18 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin. News 3038, 3055; *see also Soper v. Heckler,* 754 F.2d 222, 225 (7th Cir.1985) ("repayment may be waived if the appeal was taken in good faith").

**8.** We are not persuaded by appellant's additional argument that a proposed 1987 amendment to section 406 evidences a congressional understanding that a court may not consider interim benefits in determining a reasonable attorney's fee. Appellant asserts that this proposed amendment would have provided a specific formula for determining attorney's fees upon decisions made with respect to section 423(g) interim benefits. *See* H.R. 3545, 100th Cong., 1st Sess., 133 Cong.Rec. H9185, H9276 (1987). Appellant notes that this provision did not survive the conference process and thus section 406 was not amended. We believe that Congress simply could have decided that the amendment was unnecessary.