**Nathan D. CLAYPOOL, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 5:00–0973.**

United States District Court, S.D. West Virginia. Beckley Division.

Oct. 9, 2003.

Michael Miskowiec, Charleston, WV, Counsel for Plaintiff.

Gary L. Call, Esquire, Assistant United States Attorney, Charleston, WV, Counsel for Defendant.

## *ORDER*

VANDERVORT, United States Magistrate Judge.

Pending before the Court is Plaintiff's Motion for Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1), filed on March 31, 2003. (Doc. No. 23.) Plaintiff's counsel requests an award of attorney fees in the amount of $18,000.00, to be paid from the past-due Social Security benefits payable on this claim. Plaintiff asserts that this is a reasonable fee in accordance with the guidance provided by *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Defendant filed a response to the Motion on April 29, 2003, arguing that the requested fee is unreasonable because it represents a windfall to counsel. (Doc. No. 27.). For the reasons set forth more fully herein, Plaintiff's Motion for Award of Attorney Fees is **GRANTED**.

*Background*

This case was filed in this Court on October 17, 2000 and was fully briefed for decision. By Order entered January 4, 2002, this case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 19.) The Court directed that on remand, the Commissioner should consider

the physical and mental demands of Plaintiff's past work as a truck driver in a steel mill and complete an analysis as to whether the Plaintiff's physical and mental limitations were compatible with his former work, pursuant to Social Security Ruling ("SSR") 82–62, 1982 WL 31386. (Doc. No. 19.) Plaintiff then filed a Motion for Award of Attorney Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which was granted on February 1, 2002, in the amount of $1772.84 in fees plus $261.74 in expenses. (Doc. No. 22.) On March 31, 2003, Plaintiff filed the instant Motion, requesting an award of attorney fees pursuant to 42 U.S.C. § 406(b).[1] (Doc. No. 23.) On remand from this Court, Administrative Law Judge ("ALJ") Toby J. Buel, Sr. issued a fully favorable decision granting Plaintiff's claim for benefits and finding him disabled beginning January 27, 1989. (Pl.'s Memorandum in Support of Motion for Attorney Fees, Doc. No. 24, p. 2.) A copy of this decision, dated February 20, 2003, is appended as Attachment A to Plaintiff's Memorandum. (Doc. No. 24.) ALJ Buel approved the fee agreement between Plaintiff and his attorney, Michael Miskowiec, which is also attached to Plaintiff's Memorandum as Attachment B. (Doc. No. 24.) The fee agreement provides that if the claim is decided favorably, Plaintiff will pay to his attorney the lesser of 25 percent of past due benefits owing to the client and his family, or $4,000.00; however, the $4,000.00 limitation does not apply if the case is appealed to the United States District Court. (Attachment B to Plaintiff's Memo, Doc. No. 24.)

*Applicable Law*

■ 42 U.S.C. § 406(b)(1)(A) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

An attorney's entitlement to fees for court services is not eliminated when the Court merely remands the case to the Commissioner. *See Morris v. Social Security Admin.*, 689 F.2d 495, 497 (4th Cir.1982) (citing *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir.1967)).

The United States Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), recently addressed the issue of how to determine what is a reasonable fee for representation of Social Security benefits claimants in court. The Court discussed whether contingent fee agreements were presumptively reasonable if not in excess of 25 percent of past-due benefits, or whether courts should begin with a "lodestar calculation" of the type used in other fee-shifting statutes. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817, 152 L.Ed.2d 996

---

1. Attorneys for successful Social Security claimants may be awarded fees under both the EAJA and 42 U.S.C. § 406(b), but the attorney "must 'refun[d] to the claimant the amount of the smaller fee.' " *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. 1817 (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186).

(2002). The Court, noting that contingent-fee agreements were common in the United States, especially in Social Security representation, found that Congress designed section 406(b) of the Social Security Act to control, rather than displace fee agreements between Social Security claimants and their counsel. *Id.* at 793, 807, 122 S.Ct. 1817. The Court held as follows:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807, 122 S.Ct. 1817.

▪ To ensure compliance with *Gisbrecht,* courts must first review a request for attorney fees under section 406(b) in conjunction with the contingent fee agreement and determine if both are within the 25 percent boundary. The court must then determine whether the claimant's attorney has shown that the fee sought is reasonable for the services rendered. An attorney's recovery may be reduced based upon the character of the representation and the results achieved. *Id.* at 808, 122 S.Ct. 1817. For example, a downward adjustment may be appropriate if the attorney was responsible for delay or if the benefits are large in comparison to the amount of time spent on the case. *Id.*

Courts may require, and should review, a record of the attorney's time spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingent fee cases. *Id.*

*Analysis*

In the instant case, Plaintiff's attorney seeks a fee of $18,000.00 for work performed on behalf of the claimant. As previously noted, Plaintiff contracted with his attorney to pay 25 percent of any past due benefits owing to him and his family. (Fee Agreement, Attachment B to Plaintiff's Memo, Doc. No. 24.) According to documents filed with the Court, Plaintiff's past due benefits are approximately $196,819.70, including benefits owed to Claimant's dependent children. (Doc. No. 30.) As Plaintiff notes, as the past due benefits are approaching $200,000.00, a 25 percent fee award pursuant to the fee agreement would be $50,000.00. Plaintiff's counsel notes that he has reduced this number in half to avoid any windfall and has also reduced the claimed fee by the fees that have already been awarded under the EAJA and 42 U.S.C. § 406(a) (for representation at the administrative level). Plaintiff's attorney notes that the requested award of $18,000.00 is only 9 percent of the past due benefits, and that even when added to the $4000.00 already awarded under § 406(a), represents only 11 percent of the past due benefits—much less than the 25 percent originally contracted for.[2] The request thus meets the first step in the *Gisbrecht* analysis.

In arguing that the fee is reasonable, Plaintiff's attorney notes that this case involved a substantial risk of loss, the claim having been denied at four levels of agency review before the initiation of this civil action. Counsel notes that other difficul-

---

**2.** Nine percent of the represented $196,189.70 in past due benefits is $17,713.77; 25 percent of the past due benefits is $49,204.93.

ties with the case included the fact that Claimant's insured status expired on March 31, 1996, meaning that his current level of functioning was largely irrelevant to his claim, and that he did not obtain treatment of his anxiety disorder until 1992, three years after he stopped working. Counsel argues that the value of this case to the claimant is much more than the amount of past due benefits received, as the claimant will receive not only the past due benefits owing, but also ongoing benefits until he dies, reaches retirement age, or no longer becomes disabled, as well as health care benefits.

Counsel has presented to the Court, in conjunction with the fee petition, an itemized statement of the time expended in representing Plaintiff in this Court. (Attachment D to Plaintiff's Memo, Doc. No. 24.) Counsel spent a total of 12.56 hours representing the Plaintiff in this Court.[3] Counsel argues that although this amount of time may be less than that spent by other practitioners in the field, he has a considerable Social Security practice in this Court and his expertise allows him to provide efficient, yet effective representation in these matters. Indeed, the Court notes that Mr. Miskowiec is among the most knowledgeable and successful Social Security claimants' attorneys practicing before this Court, and claimants retaining him receive extremely high-quality, effective and persistent representation. The representation in the instant case was no different, as counsel obtained a remand resulting in a finding of disability commencing January 27, 1989. (Hearing Decision p. 4, Attachment A to Plaintiff's Memo.) Counsel also succeeded in having Plaintiff's prior May 1994 Title II application reopened, and benefits were payable based upon that application. (Hearing De-

cision p. 4, Attachment A to Plaintiff's Memo.)

Finally, Plaintiff's counsel argues that there was no delay in this litigation attributable to him. Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht*, 535 U.S. at 808, 122 S.Ct. 1817. In considering all of these arguments, the Court also notes that the Plaintiff has filed a document with the Court indicating that he consents to the fee requested by his counsel. (Doc. No. 26.) Although the claimant's consent is not a consideration specifically included under the *Gisbrecht* method, the Court gives this indication some weight, for it clearly shows that the Plaintiff valued the services provided to him by his counsel and deems them worthy of the requested award.

The Commissioner filed a response to Plaintiff's Motion, arguing that the requested fee of $18,000.00 is unreasonable because it represents a windfall to the attorney, amounting to $1,433.12 per hour for the 12.56 hours of work performed in this case. Defendant cites the *Gisbrecht* Court's statement that "[i]f the benefits are large in comparison to the time spent on the case, a downward adjustment is similarly in order." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The Commissioner asks the Court to award "a reasonable fee for 12.56 hours of attorney activity . . . ." (Def.'s Response, p. 3.) Defendant argues that Plaintiff's counsel has failed to meet his burden of showing that the requested fee is reasonable, but offers no other argument in explanation of this position. Defendant does not address the other points raised by Plaintiff's counsel.

---

**3.** Counsel spent 9.43 hours of time on the case at the administrative level. (Attachment D to Plaintiff's Memo.)

Using Defendant's method in this case would result in determining a reasonable hourly rate for the services performed and multiplying it by the number of attorney hours spent on the case. This would, in effect, mean relying upon a lodestar calculation and rejecting the primacy of a lawful attorney-client fee agreement, the very procedure that was rejected in *Gisbrecht.* 535 U.S. at 793, 122 S.Ct. 1817. Counsel for Plaintiff states that his normal hourly rate for non-contingent fee cases is $250.00. If that figure were used in the instant case, counsel's attorney fee award would be only $3,140.00, much less than the requested amount. This would not give effect to the contingent-fee agreement entered into by the parties, nor would it take into account the value of the representation Plaintiff received. Although the result is a large attorney's fee for the amount of time spent, the Court finds that the fee is nowhere near the allowable 25 percent, and is an amount to which the Plaintiff feels that his attorney is entitled. Accordingly, Defendant's argument is without merit. Based upon the foregoing, the Court finds Plaintiff's requested attorney fee of $18,000.00 reasonable in light of all the circumstances in this case. Therefore, the Motion for Award of Attorney Fees (Doc. No. 23), is **GRANTED**.

The Clerk is requested to mail a certified copy of this Order to all counsel of record.