**Gentry E. McPEAK, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 1:03–2283.**

United States District Court,
S.D. West Virginia,
Bluefield Division.

July 27, 2005.

Deborah K. Garton, Hensley Muth Garton & Hayes, Bluefield, WV, for Plaintiff.

James Winn, Social Security Administration Office of General Counsel, Philadelphia, PA, Kelly R. Curry, U.S. Attorney's Office, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

VANDERVORT, United States Magistrate Judge.

Pending is Plaintiff's attorney's Petition for Attorney's Fees "in the amount of $1,500.00 for obtaining remand, which said action resulted in the plaintiff's receipt of Title II and SSI benefits." (Document No. 9.) Plaintiff's attorney states that Plaintiff and his dependents received Award Certificates in May and November, 2003, informing them of the amount of their past due benefits and the withholding of $6,994.67 for direct payment of attorney's fees.[1] Plaintiff's attorney states that "2.2 hours were devoted to this case at the District Court level resulting in a requested fee of One Thousand Five Hundred Dollars ($1,500.00) for all Court services pursuant to 42 U.S.C. § 406(b)." Plaintiff's attorney submits an itemized statement of services which she rendered beginning October 17, 2003, and ending January 22, 2004, the

---

1. Plaintiff first applied for social security benefits on April 1, 1997, claiming August 29, 1996, as the date of the onset of his disability. While he was awaiting the Appeals Council's consideration of his request for review, Plaintiff applied again for benefits on April 23, 1999. Having been denied benefits administratively with respect to his first application, Plaintiff sought this Court's review on December 21, 2001. *McPeak v. Barnhart,* Civil Action No. 1:01–1275. On March 31, 2003, the Court reversed and remanded the matter to Defendant for further proceedings. Apparently, Plaintiff received a partially favorable decision in the course of administrative proceedings upon his second application and disputed the date of onset of disability as the agency had determined it. Plaintiff exhausted his administrative remedies with respect to his second application sometime after the Court reversed and remanded in Civil Action No. 1:01–1275, and sought this Court's review in this case on October 24, 2003. On January 21, 2004, Defendant requested remand in this case so that it could be consolidated with Plaintiff's first claim and the agency could consider them both together, and the Court remanded the case pursuant to sentence six of 42 U.S.C. § 405(g). By that time, it appears, benefits had been awarded and past due benefits were paid based upon a determination with respect to Plaintiff's second application that October 8, 1999, was the date of onset of Plaintiff's disability.

period of time when this case was commenced and pending in this Court, indicating that she spent a total of two hours and twelve minutes communicating and meeting with Plaintiff about proceeding in this Court and considering Defendant's request for remand of the case. Plaintiff's attorney also attaches an Affidavit of Plaintiff which states as follows:

> The law firm of Hensley, Muth, Garton and Hayes represented me in two separate claims for Supplemental Security Income and disability insurance benefits. When the Social Security Administration found that I was disabled, I received a Notice of Award advising me as to my past-due benefits; the Notice also explained that $6,994.67 had been withheld for the payment of my attorney's fees. The Social Security Administration approved my Fee Contract with my attorney and approved a fee of $4,000.00 for success fully representing me administratively. Ms. Garton has now prepared a Petition asking the Court for a fee of $1,500.00 for her work before the Court, and I hereby state that I have no objection to her receipt of this fee.

The Court entered an Order establishing a time frame within which the Defendant was required to file objections and Plaintiff's attorney was required to file a Reply. (Document No. 10.) Defendant filed Objections (Document No. 11.) and Plaintiff's attorney filed a Reply (Document No. 12.) within the prescribed time frame.

Defendant objects to Plaintiff's attorney's Petition for Attorney's Fees stating that "the fee requested is unreasonable because it represents a windfall to Plaintiff's counsel, amounting to $681.82 per hour based on attorney activities before the Court ($1,500 divided by 2.2 hours)." Defendant asserts citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), that the Court is required to determine a "'reasonable fee'

... by looking first to the contingent-fee agreement and then testing for reasonableness, including reviewing a record of hours spent representing the claimant in court and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Defendant states that Plaintiff's attorney has not stated her hourly billing charge in non-contingent fee cases and has not shown that the requested fee is reasonable.

Plaintiff's attorney states in her Reply that "[r]epresenting a disability claimant on two fronts is confusing and almost invariably results in less money being available for attorney's fees because the second claim is successful and stops the accumulation of withheld benefits." She states that her payment of $4,000 plus the $1,500 as she requests is $1,494.67 less that the amount which the agency withheld as 25% of Plaintiff's past due benefits. She cites this Court's decision in *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D.W.Va.2003), wherein this Court awarded an attorney's fee of $18,000 for 12.56 hours of legal work in conformity with the attorney's 25% contingency fee agreement with Mr. Claypool and determined that the amount of attorney's fees requested and awarded was considerably less than 25% of the past due benefits awarded.

■ On this background, the Court first must determine whether it can approve payment of fees as Plaintiff's attorney requests in this case when the favorable decision triggering entitlement to attorney's fees occurred at the administrative level. In *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir.1967), the Fourth Circuit determined that the District Court properly allowed payment of attorney's fees to a social security disability claimant's attorney for services performed in Court though the District Court had remanded the case and did not award benefits to the claimant stating as follows:

We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits. While the 1965 amendment [to § 406(b)] is not concerned with the specific situation before us, we conclude that the intent of Congress was broad enough to encompass it. The purpose of this amendment was to provide, within reasonable limits, fees for attorneys rendering services in the District Court. To permit counsel to receive a reasonable fee for such services will not defeat such purpose, but will serve to advance it.

See also *Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir.1982), in which the Court, citing *Conner*, stated that "an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary ...." Importantly, the *Morris* Court observed that "the district court may not consider services rendered in administrative proceedings in determination of a reasonable attorney's fee under subsection (b)(1)." *Id.*

In this case, Plaintiff's attorney is clearly seeking payment of a fee for services which she rendered while this case was pending in Court. In view of the Fourth Circuit's rulings in *Conner* and *Morris*, the Court finds that it has authority to consider Plaintiff's attorney's Petition for Attorney's Fees under 42 U.S.C. § 406(b) even though it appears that Plaintiff was awarded benefits upon his second application in issue in this case several months before Defendant requested remand and the Court remanded this case. The services for which Plaintiff's attorney seeks compensation were nonetheless performed in conjunction with Court proceedings, and Plaintiff received an award of benefits.[2]

---

**2.** At least one Court has concluded that it is not appropriate to award attorney's fees under § 406(b)(1) in an action remanded for further proceedings. *See McGraw v. Barnhart*, 370 F.Supp.2d 1141, 1147—1150 (N.D.Okla.2005), discussing the Fourth Circuit's decision in *Conner* and declining to follow this Court's decision in *Claypool*. The Court reasoned that under § 406(b)(1)(A) remand does not constitute a "judgment favorable to a claimant ... who was represented before the court by an attorney, [for which] the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ...." This Court finds that the Fourth Circuit's decision in *Conner* is fully consistent with the intention of Congress in enacting § 406(b) and Courts finding to the contrary are reading that section too narrowly without considering the sorts of judgments which Congress has allowed the Courts to make in social security cases. Congress has allowed that remand is appropriate under sentence four or sentence six of 42 U.S.C. § 405(g). Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." When the Court remands under sentence four, it has usually considered the merits and has found some error in the agency's decision requiring reversal of the agency's decision and further administrative proceedings. Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer ...." With entry of an Order remanding a case under sentence six of 42 U.S.C. § 405(g), the Court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The Court retains jurisdiction over the case but closes it and regards it inactive. If the agency continues to deny benefits after further administrative proceedings on remand, plaintiff may request that the case in the District Court be reopened for review of the agency's decision. If benefits are awarded on a sentence six

The Court finds therefore that it is appropriate to consider Plaintiff's request for an award of attorney's fees in this case.

■ Attorney's fees for representing a person in a social security disability case are paid when the person is found entitled to benefits in an amount not to exceed 25% of the person's past due benefits award pursuant to 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 1821, 152 L.Ed.2d 996 (2002). 42 U.S.C. § 406(b)(1)(A) states as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Supreme Court held in *Gisbrecht* as follows:

Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claim-

ants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828. This Court applied *Gisbrecht* in *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D.W.Va.2003). Giving primacy to the contingent fee agreement, the Court considered (1) whether the attorney's fee requested was within the 25 percent boundary and (2) whether the attorney had shown that his fee was reasonable for the services rendered. Having determined that the requested fee was well within the 25 percent allowable, the Court determined that the fee was reasonable considering the amount of time the attorney spent on the case, the attorney's expertise in social security cases and the results which he obtained. The Court awarded the requested attorney's fee which amounted to $1,433.12 per hour for the work performed in the case. *See also Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D.Ga.2005)(awarding fee equivalent to $643 per hour); *Brannen v. Barnhart*, 2004 WL 1737443 (E.D.Tex.2004)(awarding fee equivalent to $304.40); *Brown v. Barnhart*, 270 F.Supp.2d 769, 772—773 (W.D.Va.2003)(awarding fee equivalent to

remand, plaintiff may request that the case in the District Court be reopened for the purpose of entry of final judgment in view of the award of benefits and an award of attorney's fees. Thus, in view of sentences four and six of § 405(g), the Court considers an Order reversing or vacating the final ruling of the agency and remanding under sentence four and an Order remanding under sentence six with benefits awarded on remand to be "judgment[s] favorable to a claimant" such that attorney's fees may be awarded for services performed in Court under § 406(b).

$977.20 per hour); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037—38 (N.D.Cal.2003)(awarding fee equivalent to $450 per hour); *Coppett v. Barnhart*, 242 F.Supp.2d 1380, 1385 (S.D.Ga.2002)(awarding fee equivalent to $350 per hour); *Dodson v. Barnhart*, 2002 WL 31927589 (W.D.Va.)(awarding fee equivalent to $694.44 per hour).

In this case, the Court finds that the requested fee of $1,500 in addition to the $4,000 which the agency has paid Plaintiff's attorney does not amount to more than 25 percent of the past due benefits which Plaintiff was awarded. It is not disputed that the agency withheld $6,994.67 as 25 percent of the past due benefits awarded to Plaintiff and his dependents for payment of attorneys' fees. The Court further finds that the requested fee is reasonable. First, in accordance with *Gisbrecht*, the Court gives deference to the contingency fee agreement between Plaintiff and his attorney and considers it reasonable though in application it permits the payment of a fee to Plaintiff's attorney which is no doubt well in excess of her usual hourly rate. Plaintiff's attorney assumed the risk of loss in agreeing to represent Plaintiff on a contingency fee basis and has been successful in his behalf. While Plaintiff's attorney represents others in social security cases on the same basis, she is occasionally unsuccessful and therefore recovers nothing for her services. Payment on a contingency fee basis when she is successful is reconciliation for the loss of payment for her services when she is not. Second, the Court considers Plaintiff's attorney's expertise in social security cases, the time she spent working on Plaintiff's case and the result she obtained. As Mr. Claypool's attorney, Plaintiff's attorney in this case has a high level of experience in the litigation of social security cases administratively and in this Court. It is clear that she represented Plaintiff very diligently in his quest for benefits encouraging him to file his second claim and seeking this Court's review in two cases. Plaintiff appreciates her work in his behalf and consents to payment of the fee which she requests. Plaintiff's attorney spent 2.2 hours working on this case as it was pending in Court, and the matter was remanded for consolidation with Plaintiff's first case. The Court finds that Defendant offers no cognizable reason to reduce the amount of the fee requested. Accordingly, it is hereby **ORDERED** that the Petition for Attorney's Fees (Document No. 9.), is **GRANTED**. Defendant shall pay the amount of $1,500 to Plaintiff's attorney from the amount withheld from Plaintiff's past due benefits for her attorney's fee and pay the balance remaining to Plaintiff.

The Clerk is requested to send a copy of this Order to counsel of record.