[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 05-14683
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00458-CV-ORL-22-KRS

DONALD BERGEN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

No. 05-14684
Non-Argument Calendar

————————————————

D. C. Docket No. 00-00442-CV-ORL-22-A

JAMES R. TAYLOR, JR.,

Plaintiff-Appellant,

versus

WILLIAM A. HALTER, Commissioner of Social
Security Administration,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 4, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Does 42 U.S.C. § 406(b)(1)(A) permit an award of attorney's fees when a district court remands a case to the Commissioner of Social Security (Commissioner) for further proceedings, and the Commissioner subsequently awards the claimant past-due benefits on remand? This consolidated appeal presents us with an opportunity to answer this precise question definitively. We find that § 406(b)(1)(A) permits attorney's fees for past-due benefits after a remand.

BACKGROUND

Donald Bergen and James R. Taylor separately filed applications with the Social Security Administration (SSA) for disability benefits. Both of their claims were denied initially and on reconsideration, and they requested an administrative

2

hearing. After an Administrative Law Judge (ALJ) determined that they were not entitled to benefits because they were not disabled, they both filed their respective complaints in the district court seeking review of the Commissioner's final decision.

Richard Culbertson, a lawyer, represented both Bergen and Taylor. Both claimants entered into a contingency fee agreement with Culbertson providing for payment of a reasonable fee not in excess of 25 percent of the total of the past-due benefits to which they would become entitled by reason of a favorable judgment rendered in the district court.

In Bergen's case, the district court reversed the Commissioner's decision and remanded the case for further proceedings on the merits pursuant to sentence four of 42 U.S.C. § 405(g). Bergen then filed a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 which was granted. Subsequently, an ALJ entered a fully favorable decision awarding Bergen disability benefits, which entitled Bergen to past-due benefits as a result of his disability. But when Culbertson then filed his petition for authorization to charge a reasonable fee for representation before the district court pursuant to § 406(b), the district court denied the petition, finding that the statute does not permit an award of attorney's fees. The district court also found that even if the statute permitted an

award of attorney's fees, the petition was not timely filed in compliance with Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Local R. 4.18.

Like Bergen, Taylor's case was also remanded to the Commissioner of Social Security after the district court reversed the Commissioner's decision under sentence four of § 405(g). Taylor also filed a petition for an award of attorney's fees under the EAJA but the district court denied the petition on the ground that the Commissioner's position was substantially justified. Taylor appealed this decision to this Court, after which the parties entered into a joint stipulation providing that Taylor was entitled to an award of attorney's fees under the EAJA, and the appeal was dismissed. Later, an ALJ entered a favorable decision awarding Taylor past-due disability benefits. But when Culbertson filed a petition for authorization to charge a reasonable fee for representation of Taylor before the district court pursuant to § 406(b), the district court denied the petition for the same reasons given to Bergen.

Bergen and Taylor then appealed the district court's denial of Culbertson's petition for attorney's fees pursuant to § 406(b), and we consolidated the cases for the purpose of this appeal.

## DISCUSSION

### I.

To resolve this appeal, we are called upon to engage in an exercise of statutory interpretation. We review the district court's interpretation of a statute de novo. *Stroup v. Barnhart*, 327 F.3d 1258, 1260 (11th Cir.), *cert. denied*, 540 U.S. 1074 (2003). "[I]f the statute speaks clearly to the precise question at issue, we must give effect to the unambiguously expressed intent of Congress." *Barnhart v. Walton*, 535 U.S. 212, 217-18, 122 S. Ct. 1265, 1269, 152 L. Ed. 2d 330 (2002) (internal quotations and citation omitted). However, "where Congress has not directly addressed the question at issue, the agency's determination of the statute should be accorded considerable weight . . . Courts, however need not accept an agency's interpretation that frustrates the underlying congressional policy." *Shoemaker v. Bowen*, 853 F.2d 858, 861 (11th Cir. 1988) (citations omitted).

The district court reasoned that 42 U.S.C. § 406(b) did not provide the court authority to award attorney's fees because its prior judgment did not amount to a victory for the claimants, but simply reversed and remanded their cases to the SSA for further consideration. As the district court literally reads the statute, an award of attorney's fees is unavailable unless its judgment entitles the claimant to an award of past-due benefits and includes an award of attorney's fees under § 406(b).

5

The statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who is represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Although we have never addressed the precise issue of whether § 406(b)(1)(A) authorizes an award of attorney's fees where the district court's judgment remanding the case to the Commissioner does not explicitly mention attorney's fees, we have noted that the congressional intent behind § 406(b) is, in part, "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) (holding that a district court may not authorize an attorney to charge fees for representation in Court when the Commissioner has already authorized that attorney to charge fees for representation in administrative proceedings, and declining to reach the Secretary's contention that § 406(b) does not allow a Court to authorize attorney's fees unless it renders a judgment on the merits favorable to the claimant). We have

6

also noted that one of § 406(b)'s goals is to protect claimants by limiting the amount attorneys may collect. *See Shoemaker*, 853 F.2d at 860-61 (holding that a district court may consider interim benefits received pursuant to 42 U.S.C. § 423(g) in awarding attorney's fees under § 406(b)). Moreover, the Supreme Court has held that a remand from the district court to the SSA under sentence four of 42 U.S.C. § 405(g), as happened here, is a favorable judgment for the claimant. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32, 125 L. Ed. 2d 239 (1993).

Other circuits considering similar cases have unanimously held that § 406(b) allows a district court to authorize attorney's fees following a claimant's success on a sentence four remand to the SSA. *See Rohrich v. Bowen*, 796 F.2d 1030, 1031, (8th Cir. 1986). The 7th Circuit has held:

> a court cannot usually "determine" the amount of the fee award at the time of the judgment or within ten days. Reading the statute as a whole, we do not believe that Congress meant that the only time at which fees could be awarded is the time of the judgment. By authorizing the attorney to be paid directly out of the claimant's past-due benefits, Congress intended to make it easier, not harder for attorneys to collect their fees. A more appropriate reading of § 406(b)(1) is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute.

*Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir. 1987) (per curiam). *Contra*

7

*McGraw v. Barnhart*, 370 F.Supp.2d 1141, 1144 (N.D. Okla. 2005) ("A judgment which merely remands the action for further proceedings by the Social Security Administration does not equate to a claimant being entitled to past due benefits 'by reason of' the Court's judgment."); *but see McPeak v. Barnhart,* 388 F.Supp.2d 742, 745-46 n.2 (S.D.W.Va. 2005) ("[The *McGraw* court is] reading [§ 406(b)] too narrowly without considering the sorts of judgments which Congress has allowed Courts to make in social security cases."). Like the 7th Circuit, the 4th Circuit has held that § 406(b)(1) permits an award of attorney's fees when a remand results in an administrative award of benefits. *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) ("To permit counsel to receive a reasonable fee for [services rendered in the district court] will not defeat [§ 406(b)'s] purpose, but will serve to advance it.")

We agree with our sister circuits' interpretation of the statute. Reading § 406(b)(1)(A) literally, as did the district court, would frustrate the underlying congressional policy of "encourag[ing] effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Dawson*, 425 F.2d at 1195*; see also Shoemaker*, 853 F.2d at 860-61. Limiting § 406(b) fees to cases in which the Court itself awards past-due benefits would also discourage counsel from requesting a remand

8

in cases where it is appropriate.

Moreover, we, along with the other circuits, have generally assumed without addressing the issue that fees are available under § 406(b) because past-due benefits have been conspicuously awarded without objection by the SSA. *See, e.g., McGuire v. Sullivan*, 873 F.2d 974, 975 (7th Cir. 1989); *Straw v. Bowen*, 866 F.2d 1167, 1168-69 (9th Cir. 1989); *Shoemaker*, 853 F.2d at 859-61; *MacDonald v. Weinberger*, 512 F.2d 144, 145-46 (9th Cir. 1975). Under the weight of this authority, the SSA, in its brief on this appeal, does not oppose an award of reasonable attorney's fees under § 406(b).

The district court also reasoned that the availability of attorney's fees to a successful claimant under the subsequently enacted EAJA makes § 406(b) attorney's fees unnecessary. But EAJA fees are available only when the government's position is not "substantially justified." Thus, EAJA fees are not available every time a claimant prevails – only when the Commissioner's position lacks "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988). In deciding the question before us, we are bound to consider the intent of Congress at the time that the statute was enacted and we note that Congress has not substantively amended § 406(b)(1)(A) since the EAJA was enacted in 1965. The Supreme Court

concluded that Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney "to refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (internal quotation and citations omitted, brackets in original).

We find that 42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits.

II.

The district court made an alternative finding, that even if § 406(b) permitted authorization of attorney's fees, Culbertson's petitions would not be granted because they were untimely filed. To support its finding, the district court relied upon Fed. R. Civ. P. 54(d)(2)(B) which provides: "Unless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment . . ." The Advisory Committee Notes provide that one of the purposes for this provision "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." *See* Fed. R. Civ. P. 54(d)(2)(B), advisory committee notes to 1993 amendment. The district court also

relied upon its Local Rule 4.18, "Applications For Costs Or Attorney's Fees," which provides:

> In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not less than fourteen (14) days following the entry of judgment. The pendency of the appeal from judgment shall not postpone the filing of a timely application pursuant to this Rule.

M.D. Fla. Local R. 4.18(a). But if one of the purposes of Rule 54 is to "assure that the opposing party is informed of the claim before the time for appeal has elapsed," and Local Rule 4.18 is based on Rule 54, it is hard to see when the 14-day time limit would apply to petitions filed pursuant to § 406(b). Although the rules are necessary for the efficient administration of justice, their strict application in the present instance conflicts with congressional intent in enacting § 406(b) and is impractical in light of the exigencies particular to post-judgment proceedings in Social Security cases. Section 406(b) does not include any provisions concerning time limitations. As in Bergen's and Taylor's cases, when the district court remands to the SSA under sentence four of § 405(g), determining if and when the SSA would grant past-due benefits is rarely possible. *See Smith*, 815 F.2d at 1155-56.

Therefore, we find error in the application of a strict 14-day time limitation.

11

In applying the limitation to § 406(b), the period should begin to run from the day that the award notice is issued. Therefore, Culbertson's petition relating to the Bergen award (filed 10 days after the SSA issued the award notice) was timely but his petition relating to the Taylor award (filed 29 days after the SSA issued the corrected award notice) was not.

## CONCLUSION

We join the unanimous view of the Courts of Appeals that have addressed the issue to find that § 406(b) authorizes attorney's fees where a district court orders a remand to the Commissioner of Social Security for further proceedings, and the Commissioner awards benefits on remand. We further find that Culbertson's petition relating to the Bergen award was timely filed while his petition relating to the Taylor award was not. Therefore, we vacate and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED.**