**Justin J. RYAN, Plaintiff,**

v.

**Jo Anne B. BARNHART, as Commissioner of the Social Security Administration, Defendant.**

No. 87–CV–868L.

United States District Court, W.D. New York.

May 16, 2006.

*DECISION AND ORDER*

LARIMER, District Judge.

On April 18, 2006, the Commissioner moved pursuant to Fed.R.Civ.P. 60(b) for the Court to reconsider its prior Order dated April 7, 2006 awarding attorneys fees in the amount of $8,919.72 to Andrew M. Rothstein, Esq. in accordance with 42 U.S.C. § 406(b). That motion (Dkt.# 19) is denied.

The Commissioner argues that plaintiff did not obtain "a judgment favorable to him," as required under 42 U.S.C. § 406(b), as a result of any proceedings in

federal court. The Commissioner contends instead that the award of disability insurance benefits to plaintiff for a period dating back to September 1980 was the result of its own readjudication and approval of plaintiff's claim under the provisions of the *Dixon v. Heckler* class action. As such, Rothstein should have applied to the Commissioner for attorneys fees pursuant to 42 U.S.C. § 406(a), and not the Court, pursuant to § 406(b), because he can be compensated only for his work at the administrative level.

In his original fee application, Rothstein argued that he was entitled to attorneys fees pursuant to § 406(b) because, while this action was on appeal to the Second Circuit, plaintiff entered into a stipulated settlement with the Commissioner whereby plaintiff's case was folded into the *Stieberger v. Heckler* and *Dixon v. Heckler* class actions. In response to the Commissioner's motion to reconsider, Rothstein continues to take the position that fees are appropriate under § 406(b) because the federal court action was "integral" to protecting plaintiff's rights to claim past due benefits.

■ This case is unusual in that plaintiff was eventually awarded benefits as part of a class action after more than twenty-five years.[1] This delay was not caused by plaintiff. In addition, the Commissioner entered into a stipulated settlement with the plaintiff that disposed of his appeal to the Second Circuit and which preserved Rothstein's right to apply for attorneys fees under § 406(b). That stipulation contained the following provision:

> [Rothstein] retains the right to seek attorney's fees under 42 USC § 406(b) and attorney's fees and costs under the

---

1. Plaintiff first applied for benefits in 1981. On February 21, 2006, the Commissioner issued a notice to plaintiff that, after completing work on plaintiff's claims under the *Dixon*

class action relief program, he was entitled to benefits with an onset date of March 1980 and an entitlement date of September 1980.

Equal Access to Justice Act, 28 USC 2412, should the appellant receive monetary relief under either *Stieberger* or *Dixon* and otherwise meet the standards for obtaining attorney's fees and costs under the Equal Access to Justice Act. (Stipulated Settlement, Dkt. # 17). The Commissioner, therefore, agreed that Rothstein could apply to the Court for attorney's fees under 406(b) for the work he performed in federal court between 1987 and 1989 should plaintiff receive monetary relief under *Stieberger* or *Dixon.* Under the terms of the stipulation, there is no dispute that plaintiff did receive monetary relief under *Dixon.* Nor is there any question that plaintiff's case meets the standards for obtaining attorney's fees and costs under the Equal Access to Justice Act.[2]

Although hindsight suggests that plaintiff might have obtained relief regardless of Rothstein's efforts in federal court, that does not detract from the ultimate issue of whether Rothstein should be compensated for the work he performed in federal court to advance plaintiff's right to receive benefits at a time when it was far from certain that plaintiff would be entitled to relief under *Dixon.*

■ I conclude that under the specific circumstances presented in this unusual case, plaintiff's attorney has the right to seek fees under § 406(b). Although I agree with the Commissioner that 42 U.S.C. § 406(b) contemplates a "judgment favorable to plaintiff" before an award of attorneys fees are allowed for services performed in federal court, I disagree with the Commissioner's literal and narrow interpretation of this provision of the statute. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 (S.D.W.Va.2005) ("The services for which [p]laintiff's attorney seeks compensation were nonetheless performed in conjunction with Court proceedings, and [p]laintiff received an award of benefits."). The requirement that there be a "favorable judgment" to the plaintiff does not require an award of benefits by the Court. It is sufficient if a Court remands an action for further proceedings and the Commissioner ultimately awards benefits. *See Bergen v. Commissioner of Social Sec.,* 444 F.3d 1281, 1285 (11th Cir. 2006); *McPeak,* 388 F.Supp.2d at 744–46; *see also Conner v. Gardner,* 381 F.2d 497, 500 (4th Cir.1967) ("To permit counsel to receive a reasonable fee for [services rendered in the district court] will not defeat [§ 406(b)'s] purpose, but will serve to advance it.").[3]

The same logic should apply here, where the Commissioner agreed to allow Rothstein to apply for fees for the work he performed in federal court should the Commissioner ultimately award benefits to plaintiff. That is precisely what occurred in this case. Furthermore, plaintiff's estate, which, according to Rothstein, is represented by separate counsel, supports awarding fees to Rothstein for this work.

---

**2.** The *Dixon* class relief was based on the Commissioner's "systematic and clandestine misapplication of disability regulations concerning 'severe' impairments" as well as an "illegally implemented ... policy involving 'noncombination' of impairments, causing plaintiffs' disabilities to be classified as 'non-severe.' " *Dixon v. Shalala,* 54 F.3d 1019, 1021 (2d Cir.1995). The position, then, taken by the Commissioner in plaintiff's case was anything but "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A).

**3.** There is a split of authority on this issue, however, and at least two district courts have taken a contrary view of § 406(b), holding that "[a] judgment which merely remands the action for further proceedings by the Social Security Administration does not equate to a claimant being entitled to past due benefits 'by reason of' the Court's judgment." *McGraw v. Barnhart,* 370 F.Supp.2d 1141, 1144 (N.D.Okla.2005); *see also Rose v. Barnhart,* No. 01 Civ. 1645, 2005 WL 2276984 (S.D.N.Y. Sep. 19, 2005) (same).

There is no basis, therefore, to disturb the Court's previous Order awarding attorneys fees in the amount of $8,919.72 to Andrew M. Rothstein, Esq. in accordance with 42 U.S.C. § 406(b).

## CONCLUSION

The Commissioner's motion to reconsider pursuant to Fed.R.Civ.P. 60(b) (Dkt.# 19) is denied.

IT IS SO ORDERED.