Elery Erigen BROWN, Appellee,

v.

John W. GARDNER, Secretary of Health, Education, and Welfare, Appellant.

No. 11354.

United States Court of Appeals Fourth Circuit.

Submitted on Briefs Nov. 6, 1967.

Decided Dec. 7, 1967.

Barefoot Sanders, Asst. Atty. Gen., Morton Hollander and Jack H. Weiner, Attys., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on the brief for appellant.

Ned H. Ragland, Beckley, W. Va., on the brief for appellee.

Before HAYNSWORTH, Chief Judge, MARVIN JONES,* Senior Judge, and BUTZNER, Circuit Judge.

HAYNSWORTH, Chief Judge:

We affirm the District Court's allowance of an attorney's fee in this Social Security case upon the assumption that it included, and was not entirely in addition to, a fee previously allowed by the Secretary and upon the lawyer's disclaimer of any right to collect both.

After an administrative denial of a claim for disability benefits, a proceeding was brought in the District Court, which concluded in an acceptance of the Secretary's findings and conclusions. An appeal was taken to this Court, and we directed a remand of the case to the Secretary. Brown v. Celebrezze, 4 Cir., 367 F.2d 455. Meanwhile, upon an administrative suggestion, a second claim was filed, and a determination was made that the claimant had been disabled since March 31, 1964. Thereafter in further proceedings on the remand directed by this Court, there was a determination

* Sitting by designation.

that the disability dated from 1960 and the payment of additional benefits was authorized.

Upon the finding that the disability began in 1964, accrued benefits aggregating $5,260.30 were paid. Out of that the District Court allowed a fee of $616, being twenty-five per cent of that portion of the benefits paid attributable to the primary claim. Benefits payable to dependents were excluded from the fee base.

Upon the later finding that disability dated from 1960, additional accrued benefits of $11,573.30 were paid, and the Secretary allowed the lawyer a fee of $1,487.90 for his services in the administrative proceedings. Thereafter the Court made a supplemental fee award of $2,877.07, and it is from that order that the Secretary has appealed.

We have no doubt of the Court's power to award a reasonable fee to the lawyer for services rendered in this case. While the administrative suggestion of the filing of a second claim was made during the pendency of the case on appeal in this Court, the award entered upon it had a consequential relation to the judicial proceedings, while the later, larger award was the direct result of the remand directed by this Court. In every sense the conclusion of the judicial proceeding was favorable to the claimant.

In light of the relationship between the judicial proceedings and the successive administrative awards and the Secretary's incapacity to allow any compensation for services rendered in Court, we think the claimant was entitled to all benefits paid by reason of the favorable judgment of this Court within the meaning of 42 U.S.C.A. § 406(b) (1). Conner v. Gardner, 4 Cir., 381 F.2d 497.

The order of the District Court allowing a supplemental fee of $2,877.07 is not clear in its inclusiveness of the $1,487.90 allowed by the Secretary for services in the administrative proceed-

ings. The lawyer's representations in this Court and his disclaimer of any intention to collect both allowances, however, supplies the clarity the order previously lacked. The supplemental fee award of $1,389.17 ($2,877.07—$1,487.-90) added to the initial allowance of $616, makes the total award for legal services in the judicial proceedings $2,005.17. That is certainly not an unreasonable fee for extensive services rendered in the District Court and, on appeal, in this Court, and it is far below the statutory maximum of twenty-five per cent of the $16,833.60 paid in the aggregate as accrued benefits on the primary and dependent claims.

Construing the supplemental order as we do, as authorizing the payment of an additional fee of $2,877.07 for services in both the administrative and judicial proceedings and inclusive of the $1,487.-90 allowed by the Secretary,* it is affirmed.

Affirmed.

---

* Had the Secretary made no determination of an appropriate fee for the administrative services, the Court would not have

been authorized to do so. Robinson v. Gardner, 4 Cir., 374 F.2d 949.