Sidney E. DAWSON, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 28364.

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Sidney E. Dawson, pro se.

Eldon B. Mahon, U. S. Atty., Dallas Tex., Kathryn H. Baldwin, James C. Hair, Attys., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before THORNBERRY, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Appellant Dawson, an attorney, brought this action seeking an allowance by the District Court of an attorney's fee for his representation of a claimant for disability benefits under the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423(a). The District Court denied Dawson's claim, concluding that 42 U.S.C.A. § 406 limits an attorney's total fee allowance to twenty-five percent of the past due benefits recovered by the claimant regardless of the fact that the attorney represented the claimant before both the Secretary and the District Court. Since the Secretary had already authorized twenty-five percent of the amount of the past due benefits for Dawson's representation in the administrative proceedings the District Court dismissed the complaint. We affirm.

In 1965 the claimant, Weldon, filed an application to establish a period of disability and for disability insurance benefits under the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423(a). The application was denied. Dawson first represented Weldon in 1966 at the administrative hearing which had been requested by Weldon. The hearing examiner also denied Weldon's application and the Appeals Council affirmed this decision. Weldon then entered into a fifty percent

contingent fee contract with Dawson who instituted an action in the District Court for judicial review of the administrative denial of benefits. On motion of the Secretary before answer, the case was remanded for further administrative action resulting in an award by the Secretary to Weldon of accrued benefits totalling $2,502.30. The District Court case was subsequently dismissed upon Dawson's motion.

Upon the joint request of Dawson and Weldon the Social Security Administration made out the check for past due benefits in both their names and Dawson retained one-half of the amount as his fee. He then filed a petition with the Social Security Administration to obtain approval to charge a fee of "25% for services performed as a representative of * * * [Weldon] before the Social Security Administration and 25% for furnishing him money to pay his doctor bills * * *." The Secretary authorized a fee of twenty-five percent of the accrued benefits for his representation of the claimant and advised Dawson that charging a fee in excess of that amount would expose him to the penalties provided in section 206(a) of the Act, 42 U.S.C.A. § 406(a).

Dawson, being aggrieved by the administrative action, brought this suit in *propria persona* in the District Court seeking a judgment granting him an additional fee of $625.00 (or a total of fifty percent of the accrued benefits) for his services in representing Weldon before that Court in the earlier action. The District Court dismissed the complaint on the grounds that 42 U.S.C.A. § 406 limited the aggregate attorney's fees to twenty-five percent of the claimant's past due benefits. After denial of his motion for a new trial and for reconsideration Dawson appealed.

The novel question on this appeal is whether, under the provisions of section 206(b) of the Social Security Act, as

amended, 42 U.S.C.A. § 406(b), an attorney who has been authorized by the Secretary of Health, Education and Welfare to charge a fee of twenty-five percent of the claimant's accrued benefits for his representation of the claimant in the administrative proceeding may obtain authorization from the District Court to charge an additional twenty-five percent for his representation of the claimant before the Court. It is Dawson's position that as the attorney for the claimant he may do so.

Section 206(b) of the Social Security Act, as amended, 42 U.S.C.A. § 406(b) provides:

(b) (1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.[1]

---

1. The relevant part of Section 206 (42 U.S.C.A. (1964 ed.) § 406), which was in force prior to the 1965 amendments and which is still in force, provides:

* * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim

Prior to the amendment of the Act in 1965 the Secretary was authorized to prescribe a maximum fee an attorney could charge for his service for representing a claimant before the Secretary. The Act did not provide for a maximum fee other than as fixed by the Secretary; it did not provide for the allowance of a fee by a court for professional services rendered by an attorney before the court; and it did not give the Secretary authority to certify a fee for payment directly to the attorney.

In order to control the charging of "inordinately large fees" by claimants' attorneys and to give assurance to attorneys that they would receive appropriate fees for representing claimants in court, the Department of Health, Education and Welfare proposed the amendments to Section 206. In the hearings before the Senate Committee on Finance [2] the Department stated:

This amendment is designed to alleviate two problems that have arisen with respect to representation of claimants by attorneys. The first relates to the need to encourage effective legal representation of claimants. Under the provisions of section 205(1) of the Social Security Act, accrued amounts of benefits that are due to a claimant as a result of a court decision are to be paid directly to him. Under section 207, assignment of benefits is prohibited. Attorneys have complained that such awards are sometimes made to the claimant without the attorney's knowledge and that some claimants on occasion have not notified the attorney of the receipt of the money, nor have they paid his fee.

Another problem that has arisen is that attorneys have on occasion charged what appeared to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these inordinately large fees result from a contingent fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half of the accrued benefits). Since litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, may be payable if the claimant wins his case.

The amendment would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee (not in excess of 25 percent of accrued benefits) for services rendered in connection with the claim. Any violation would be made subject to the same penalties as are provided in section 206 of the law for charging more than the maximum fees prescribed in regulations (20 CFR 404.975) for services rendered in proceedings before the Secretary. In addition, as a specific exception to section 205(i), the Secretary would be permitted to certify the amount of the court-approved fee to the attorney out of the amount of accrued benefits. As a result, claimants would be insured more effective legal representation and also would be protected from being charged exorbitant fees.

In its report the Senate Committee on Finance emphasized its concern with

before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. * * *

The regulations in force prior to 1968 authorized attorneys to charge and receive fees from claimants they represented. 20 C.F.R. 404.975. If an attorney wished to charge a fee larger than the Secretary's schedule of fees permitted, prior approval had to be obtained by filing a petition in

which good cause was shown. 20 C.F.R. 404.976.

By Public Law 89–97, 79 Stat. 403, Section 206 of the Act, 42 U.S.C.A. § 406 was designated as subsection (a) and subsection (b) was added.

2. Hearings on H.R. 6675 Before the Senate Committee on Finance, 89th Congress, 1st Sess., pp. 512–13.

large contingent fee arrangements made by lawyers with claimants and virtually adopted the language of the Department's submission.[3]

■ The statutory language and legislative history of Section 206(b) of the Act clearly indicates that Congress sought, by amending the statute, to accomplish two goals. First, to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary. And, second, to insure that the old age benefits for retirees and disability benefits for the disabled, which are usually the claimant's sole means of support, are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received. *Cf.* Conner v. Gardner, 4 Cir. 1967, 381 F.2d 497, 498.

While no case has specifically decided the issue with which we are confronted, the Fourth Circuit in Brown v. Gardner, 4 Cir. 1967, 387 F.2d 345, and Conner v. Gardner, 4 Cir. 1967, 381 F.2d 497, indicated that it viewed the Congressional intent, as shown by amendment to Section 206(b), as prohibiting aggregate attorney's fees in excess of twenty-five percent of the past due benefits received. In *Brown* the court said at 387 F.2d 346, "That [fee] * * * is far below the statutory maximum of twenty-five percent of the $16,833.60 paid in the aggregate [$1487.90 allowed by the Secretary and $1389.17 awarded by the court] as accrued benefits on the primary and dependent claims." In *Conner* the court noted that, "The total fee in this case, $1844.16 [$1,000.00 awarded by the Secretary and $844.16 awarded by the court], amounted to 20 percent of the total benefits awarded by the Secretary * * * and is within the statutory limit." 381 F.2d at 500.

Dawson has not favored us with any argument concerning the legislative history of the amendment to the Act, nor has he discussed the statutory language in an attempt to demonstrate that he is entitled to an aggregate fee of fifty percent of the benefits received. He relies on McKittrick v. Gardner, 4 Cir. 1967, 378 F.2d 872; Gardner v. Menendez, 1 Cir. 1967, 373 F.2d 488; and Britton v. Gardner, W.D.Va.1967, 270 F.Supp. 412. None of these cases support the allowance of separate twenty-five percent fees by the Secretary and the court. In fact, none of the cases authorized a total fee in excess of twenty-five percent.

In *McKittrick* the court noted that the statute "appears to contemplate no blind deference to contractual fee arrangements" and stated that "[r]outine approval of the statutory maximum allowable fee should be avoided in all cases." 378 F.2d at 873. The fee orders were vacated and the cases remanded for further consideration of the reasonableness of the fees.

In *Menendez* and *Britton* it was held that an attorney is entitled to petition the Secretary and the court for the award of fees for services rendered a claimant before them but that neither the Secretary nor the court could fix the amount of the fee for services performed before the other. Neither case remotely considers the issue of an allowance of a total fee in excess of twenty-five percent of past due benefits.

■ We are fully convinced that 42 U.S.C.A. § 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant. Dawson has already been authorized by the Secretary to charge the maximum. He is entitled to no more.[4]

Affirmed.

---

3. S.Rep.No.404, 89th Cong. 1st Session; 1965 U.S.Code Cong. and Adm.News p. 2062.

4. We need not and do not reach the Secretary's contention that under 42 U.S. C.A. § 406(b) a court may not allow attorney's fees unless it renders a judgment on the merits favorable to the Claimant.