# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GAIL C. CLARK,

*Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

*Defendant-Appellee.*

No. 07-35056

D.C. No.
CV-04-05237-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted April 11, 2008*
Seattle, Washington

Filed June 25, 2008

Before: Carlos T. Bea and Milan D. Smith, Jr.,
Circuit Judges, and Joseph M. Hood,**
Senior District Judge.

Opinion by Judge Bea

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P.34(a)(2).

**The Honorable Joseph M. Hood, Senior United States District Judge
for the Eastern District of Kentucky, sitting by designation.

## COUNSEL

Ralph Wilborn, Ralph Wilborn and Etta L. Wilborn, P.C., West Linn, Oregon; Elie Halpern, Halpern & Oliver, PLLC, Olympia, Washington, for the plaintiff-appellant.

Jeffrey C. Sullivan, United States Attorney; Brian C. Kipnis, Assistant United States Attorney; David Morado, Regional Chief Counsel, David M. Blume, Assistant Regional Counsel, Social Security Administration Office of General Counsel, Seattle, Washington, for the defendant-appellee.

## OPINION

BEA, Circuit Judge:

Social Security claimant Gail Clark appeals the district court's order denying, in part, her attorney's request for attorney's fees pursuant to 42 U.S.C. § 406(b). In its decision, the district court concluded § 406(b) limits the combined amount

of attorney's fees that can be awarded under both § 406(a) (which governs the award of attorney's fees for representation before the Social Security Administration) and § 406(b) (which governs the award of attorney's fees for representation of Social Security claimants in federal district court) to 25% of the claimant's past-due benefits. Because the plain text of § 406(b) limits only the amount of attorney's fees awarded under § 406(b)—not the combined fees awarded under both § 406(a) and § 406(b)—we reverse the district court's award of attorney's fees and remand for reconsideration in accordance with this opinion.

## I.  Facts and Procedural History

On April 20, 1999, Clark filed an application for disability insurance benefits with the Social Security Administration ("the Administration"), pursuant to 42 U.S.C. §§ 401-34, alleging she was disabled due to depression, back weakness, fatigue, aches in her hips and knees, and chronic inflammation. After three hearings before the Administration and two appeals to federal district court, an Administrative Law Judge ("ALJ") issued a decision on March 8, 2006, finding Clark had been disabled since July 15, 1997, and was entitled to disability benefits starting on that date. On May 29, 2006, the Administration issued a Notice of Awards to Clark, informing her that her past-due benefits totaled $72,068.

Throughout her three hearings before the Administration, Clark was represented by attorney Ann Cook. Pursuant to a written agreement, Clark agreed to pay Ms. Cook the lesser of $5,300 or twenty-five percent (25%) of past-due disability benefits awarded to Clark. On March 8, 2006, the ALJ in Clark's final administrative hearing approved the agreement, pursuant to 42 U.S.C. § 406(a). On May 9, 2006, the Administration paid $5,300 to Ms. Cook out of Clark's past-due disability benefits.

Attorney Elie Halpern represented Clark during her two appeals to federal district court. Pursuant to a written fee agreement, Clark agreed to pay Mr. Halpern a fee equal to twenty-five percent (25%) of past-due benefits awarded to Clark. On November 1, 2006, Mr. Halpern filed a motion in district court seeking approval for the payment of attorney's fees under the fee agreement, as required by 42 U.S.C. § 406(b). The district court granted Mr. Halpern's request only in part. Relying on cases from the Fourth and Fifth Circuits,[1] the district court concluded § 406(b) limits the combined amount of attorney's fees awarded under both § 406(a) and § 406(b). Accordingly, the district court deducted $5,300—the amount previously awarded by the Administration to Ms. Cook under § 406(a) for her representation of Clark in Clark's administrative hearings—from the amount payable to Mr. Halpern. On December 11, 2006, the district court entered a judgment and order awarding Mr. Halpern attorney's fees under § 406(b) in the net amount of $6,658.32.[2] Clark timely appealed.

## II.   Standard of Review

We review the amount of attorney's fees awarded by the district court pursuant to 42 U.S.C. § 406(b) for abuse of discretion. *Allen v. Shalala*, 48 F.3d 456, 457 (9th Cir. 1995), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The district court abuses its discretion if it does not apply the correct legal standard or rests its decision

---

[1]*Morris v. Soc. Sec. Admin.*, 689 F.2d 495 (4th Cir. 1982); *Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).

[2]The district court arrived at this figure as follows: $18,017 (25% of Clark's past-due benefits) minus $5,300 (amount awarded to Ms. Cook under § 406(a)) minus $6,058.68 (amount previously awarded to Mr. Halpern under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for his representation of Clark in this matter). The district court's $6,058.68 deduction for the prior EAJA award is not at issue in this appeal.

on a clearly erroneous finding of fact. *Id.* Interpretation of a statute is a question of law we review de novo. *Id.*

## III. Analysis

### A. Statutory Framework

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, governs the award and collection of fees by attorneys representing claimants seeking old-age, survivor, or disability insurance benefits. 42 U.S.C. § 406(a) governs the award and collection of attorney's fees for the representation of Social Security claimants in proceedings before the Administration. 42 U.S.C. § 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.

#### 1. 42 U.S.C. § 406(a)

42 U.S.C. § 406(a) provides two methods by which a Social Security claimant's attorney may obtain fees for the representation of the claimant before the Administration: the "fee petition process" and the "fee agreement process."

The "fee petition process" is governed by § 406(a)(1). When the Administration makes a determination favorable to the claimant, § 406(a)(1) authorizes the Administration to "fix . . . a reasonable fee to compensate [the claimant's] attorney for the services performed by him in connection with such claim." 42 U.S.C. § 406(a)(1). Other than the requirement that fees be "reasonable," neither § 406(a)(1) nor the governing regulations limit the amount that can be awarded under the fee petition process. Under 20 C.F.R. § 404.1725(b)(2), the Administration "may authorize a fee even if no benefits are payable."

The "fee agreement process" is governed by § 406(a)(2). Under this process, the attorney and the claimant must enter into a written fee agreement and submit it to the Administra-

tion before the Administration issues a determination of the claimant's benefits. 42 U.S.C. § 406(a)(2)(A). If the Administration issues a determination favorable to the claimant, the Administration "shall approve" the fee agreement at the time of the determination, provided the fee does not exceed the lesser of 25% of the claimant's past-due benefits or $5,300.[3] *Id.*

Here, Ms. Cook was awarded $5,300 for her representation of Clark during Clark's administrative hearings, pursuant to the "fee agreement process" outlined in § 406(a)(2).

### 2.   42 U.S.C. § 406(b)

42 U.S.C. § 406(b) governs the fees an attorney may charge a Social Security claimant for representation in court:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).

### B.   Circuit Split

The issue presented here is one of first impression in the Ninth Circuit: Does 42 U.S.C. § 406(b) limit only the attorney's fees awarded under § 406(b) for representation before the court to 25% of the claimant's past-due benefits, or does

---

[3]Pursuant to 42 U.S.C. § 406(a)(2)(A)(iii), the Commissioner of the Social Security Administration increased the original $4,000 statutory limit to $5,300, effective February 1, 2002. *See* Maximum Dollar Limit in the Fee Agreement Process, 67 Fed. Reg. 2477 (Jan. 17, 2002).

§ 406(b) limit the combined total of attorney's fees awarded under both § 406(a) *and* § 406(b) to 25% of past-due benefits? Other circuits that have addressed this issue have reached different results. Based on the plain text of the statute, the Sixth and Tenth Circuits have held § 406(b)'s cap on attorney's fees applies only to fees awarded under § 406(b), and does not limit the combined fees awarded under both § 406(a) and § 406(b). *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 936 (10th Cir. 2008); *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc), *overruling Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972). Based primarily on legislative history, however, the Fourth and Fifth Circuits have held § 406(b) limits the combined attorney's fees awarded under both § 406(a) and § 406(b) to 25% of the claimant's past-due benefits. *Morris v. Social Sec. Admin.*, 689 F.2d 495, 497-98 (4th Cir. 1982); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Because the plain text of § 406(b) limits only the award of attorney's fees for representation of a Social Security claimant before the district court, we follow the Sixth and Tenth Circuits, and hold the district court erred in concluding § 406(b) limits the total amount of attorney's fees awarded under both § 406(a) and § 406(b).

## C. The Statutory Text

Section 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration. Similarly, § 406(b) grants federal courts exclusive jurisdiction to award attorney's fees for representation of the claimant in court. *See MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975).[4]

---

[4]"Under 42 U.S.C. § 406(b)(1), a District Court may award a reasonable fee to an attorney for representing a Social Security claimant before the court. The court has no authority to award an attorney's fee for representation of a claimant before the Secretary, that power being granted by 42 U.S.C. § 406(a) to the Secretary alone."

This exclusive grant of jurisdiction is mandated by the text of § 406(b), which states:

> Whenever *a court* renders a judgment favorable to a claimant under this subchapter who was *represented before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled. . . .

42 U.S.C. § 406(b)(1) (emphases added). The statute authorizes the court to award a reasonable fee "for such representation." The phrase "such representation" refers to representation "before the court." Thus, § 406(b) empowers courts to award attorney's fees based only on representation before the court.

**[1]** Just as § 406(b) grants the district court authority to award attorney's fees only for representation before the court, not before the Administration, *Weinberger*, 512 F.2d at 146, § 406(b) imposes a statutory limit on the award of attorney's fees only for representation before the court, not before the Administration. Nowhere does § 406(b) purport to impose a limit on the combined attorney's fees awarded under both § 406(a) and § 406(b). To the contrary, the statute limits only the award of attorney's fees for "such representation"—i.e., representation *before the court*—to 25% of past-due benefits. Attorney's fees awards for representation before the Administration are governed by the separate provisions of § 406(a).

**[2]** Moreover, as discussed *supra* in Section III.A.1, § 406(a)(1) authorizes the Administration to award attorney's fees (under the "fee petition process") in any amount—including amounts greater than 25% of past-due benefits—so long as the fees are "reasonable." If a fee award under § 406(a) can be greater than 25% of past-due benefits, it follows that the combined amount of fees awarded under both

§ 406(a) and § 406(b) must be capable of exceeding 25% of past-due benefits. Thus, the district court's conclusion (and the Administration's contention on appeal)—that the combined amount of attorney's fees awarded under § 406(a) and § 406(b) cannot exceed 25% of past-due benefits—is fundamentally in conflict with the express provisions not only of § 406(b), but also of § 406(a).

**[3]** Our interpretation of § 406(b) also accords with the Commissioner of Social Security's Hearings, Appeals, and Litigation Manual ("HALLEX"), which states, in relevant part:

> Section 206(b)(1) [42 U.S.C. § 406(b)(1)] . . . of the Act authorizes a Federal court, which renders a title II and/or, after February 27, 2005, a title XVI judgment favorable to the claimant who was represented before the court by an attorney, to authorize a reasonable fee for such representation. *The attorney's fee may not exceed 25 percent of title II and/or title XVI past-due benefits. This fee is in addition to the fee, if any, the Social Security Administration (SSA) authorizes for proceedings at the administrative level.* . . .

HALLEX I-1-2-71 (emphasis added).

We have previously held that HALLEX is strictly an internal Agency manual, with no binding legal effect on the Administration or this court. *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000). Nevertheless, as an Agency manual, HALLEX is "entitled to respect" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the extent that it has the "power to persuade." *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). For the reasons discussed *supra*, we are persuaded by the interpretation of § 406(b) put forth in HALLEX —i.e., that an award of attorney's fees under § 406(b) is sepa-

rate from, and in addition to, any fees awarded by the Administration under § 406(a).

## D.   Legislative History

[4] Because the statutory text of § 406(b) is clear, we need not delve into legislative history to make our decision. *See Rubin v. United States*, 449 U.S. 424, 430 (1981) ("When we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances.") (citation and internal quotation marks omitted). Further, we find unconvincing the legislative history upon which the Fourth and Fifth Circuits relied in holding § 406(b) limits the combined total of attorney's fees awarded under both § 406(a) and § 406(b) to 25% of past-due benefits.

In *Dawson v. Finch*, the Fifth Circuit noted that the 1965 amendment adding § 406(b) to the Social Security Act was enacted, in part, to prohibit attorneys from charging Social Security claimants inordinately large fees:

> "Another problem that has arisen is that attorneys have on occasion charged what appeared to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these inordinately large fees result from a contingent fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half of the accrued benefits)."

*Dawson*, 425 F.2d at 1194 (quoting *Hearing on H.R. 6675 Before the S. Comm. on Fin.*, 89th Cong., 1st Sess. 513 (1965) (supplemental report submitted by the Dep't of Health, Educ., and Welfare)). Based largely on this expression of congressional intent, the Fifth Circuit concluded in *Dawson*: "We are fully convinced that 42 U.S.C.A. 406 precludes the aggregate allowance of attorney's fees [under § 406(a) and § 406(b)]

greater than twenty-five percent of the past due benefits received by the claimant." *Id.* at 1195.

The Fifth Circuit's conclusion, however, is not supported by the legislative history upon which the court relied. In the testimony quoted above, the Department of Health, Education, and Welfare expressed its disapproval of inordinately large fees for representation "of claimants *in Federal district court actions*[.]" *Id.* at 1194 (emphasis added). Accordingly, Congress passed § 406(b), which imposed a limit on attorney's fees for representation "before the court." 42 U.S.C. § 406(b). Nowhere did Congress (or even a congressional committee) express a desire to limit the aggregate fees awarded both for representation of a claimant in court *and* for representation of the claimant before the Administration.

In *Morris v. Social Security Administration*, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit also relied on the legislative history quoted above in holding that 42 U.S.C. § 406 prohibits a combined award of fees, for representation before both the Administration and before the court, in excess of 25% of the claimant's past-due benefits. In an attempt to bolster its legislative history-based analysis, the Fourth Circuit in *Morris* also analyzed Congress's 1968 amendment to 42 U.S.C. § 406(a).[5] The court interpreted the amendment as pro-

---

[5]The 1968 amendment added the following paragraph to 42 U.S.C. § 406(a):

> Whenever the Secretary, in any claim before him for benefits under this title, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this title, *the Secretary shall, notwithstanding section 205(i), certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25*

hibiting the Secretary of the Social Security Administration from authorizing an award of attorney's fees under § 406(a) (for representation of a claimant before the Administration) in excess of 25% of past-due benefits: "[A]fter the 1968 amendment, neither the Secretary nor the district court was authorized to approve an attorney's fee in excess of twenty-five percent of the successful claimant's past-due benefits." *Morris*, 689 F.2d at 497. Based on this interpretation of the amendment, the court further reasoned the "obvious intent of Congress" was to limit the total fees that could be awarded under § 406(a) and § 406(b) to 25% of past-due benefits. *Id.* at 498.

The 1968 amendment, however, did not prohibit the Administration from authorizing attorney's fees under § 406(a) in excess of twenty-five percent of past-due benefits. Instead, the amendment added a new provision that allowed some or all of an attorney's fees to be paid directly to the attorney from the claimant's past-due benefits. This provision, which governs only the logistics of an attorney receiving payment for his services, was added "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Dawson*, 425 F.2d at 1195. The amended provision does not limit the total amount of attorney's fees the Administration may authorize under § 406(a):

> Under 406(a), the Secretary first makes a determination of a "reasonable" fee to compensate the attorney. In addition to this, the Secretary is required to

---

*per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.*

Soc. Sec. Amendments of 1967, Pub. L. 90-248, tit. I, § 173, 81 Stat. 821, 877 (1968) (emphasis added).

withhold up to 25% of the total amount of past-due benefits and pay that amount directly to the attorney. The two calculations are independent of one another. The attorney is free to then attempt to collect the difference between the 25% paid directly to him and the "reasonable" amount authorized by the Secretary.[6]

*Guadamuz v. Bowen*, 859 F.2d 762, 769 n.11 (9th Cir. 1988).

The correct interpretation of the 1968 amendment—i.e., the amendment left untouched the Administration's authority to award attorney's fees under § 406(a)(1) in excess of 25% of past-due benefits—does not support the Fourth Circuit's holding in *Morris*; it instead supports the holding we make today. While amending § 406(a), Congress chose not to impose a categorical ceiling on the Administration's authority to award attorney's fees for representation before the Administration. As discussed *supra* in Section III.C, if a fee award under § 406(a) can be greater than 25% of past-due benefits, it follows that the combined amount of fees awarded under both § 406(a) and § 406(b) must be capable of exceeding 25% of past-due benefits.

## IV.   Conclusion

[5] We hold that the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b),

---

[6]The payment certification process for attorneys representing claimants before the Administration (which has been modified slightly since it was added to the Social Security Act in the 1968 amendment) is currently governed by 42 U.S.C. § 406(a)(4). Under § 406(a)(4), if a claimant represented by an attorney is entitled to past-due benefits, the Administration shall:

> certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits. . . .

42 U.S.C. § 406(a)(4).

not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits. Accordingly, we reverse the district court's award of attorney's fees and remand for a renewed exercise of the district court's discretion in accordance with this opinion.

**REVERSED AND REMANDED.**