Clifford A. **ASHING**, Plaintiff,

v.

Michael J. **ASTRUE**, Commissioner of Social Security, Defendant.

**Case No. CV 09–09343 RZ.**

United States District Court, C.D. California.

July 19, 2011.

Young Chul Cho, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff.

Assistant U.S. Attorney LA–CV, AUSA–Office of U.S. Attorney, Los Angeles, CA, Assistant U.S. Attorney LA–SSA, Office of the General Counsel for Social Security Adm., Dennis J. Hanna, SAUSA–U.S. Attorney's Office, San Francisco, CA, for Defendant.

## CORRECTED ORDER ON APPLICATION FOR FEES UNDER 42 U.S.C. § 406(b)

RALPH ZAREFSKY, United States Magistrate Judge.

The Court issues this order to correct slight mathematic miscalculations and typographic errors. The substance of the order remains the same.

This matter came before the Court on June 20, 2011 on the motion of Plaintiff's counsel Young Cho for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Mr. Cho appeared in support of his application. Cedina Kim appeared on behalf of the Commissioner of Social Security. Although the motion was served on Plaintiff himself, Plaintiff neither filed anything nor appeared at the hearing. The Court heard argument of counsel and took the matter under submission.

Plaintiff seeks a fee of $49,300.00 from past due benefits. The Court finds that this is not a reasonable fee. The Court finds that a reasonable fee would be $33,113.98, and awards this sum from past due benefits, subject to the offset provisions of the Equal Access to Justice Act.

\* \* \*

Plaintiff Clifford Ashing filed three Social Security cases in this Court. The first he filed on September 14, 2004, *Ashing v. Barnhart,* CV 04–7607–RZ. Upon stipulation of the parties, the Court entered Judgment on April 28, 2005, remanding the matter to the Commissioner. The stipulation upon which the Judgment was based provided that, upon remand, the Administrative Law Judge would perform a number of specific tasks.

Plaintiff filed the second lawsuit on January 23, 2008, *Ashing v. Astrue,* CV 08–429–RZ. The Court entered Judgment on October 8, 2008, 2008 WL 4553073, remanding the matter to the Commissioner because of the Administrative Law Judge's failure to comply with this Court's previous order.

Plaintiff filed this third lawsuit on December 21, 2009. This time it was not only Plaintiff who sought reversal, but also Defendant himself; the Commissioner sought to take the matter back to the administrative agency for further proceedings. On August 19, 2010, 2010 WL 3294121, the Court entered Judgment granting a remand for further proceedings.

A few months later, on April 18, 2011, Plaintiff received notice from the Social Security Administration that he had been awarded disability benefits. Plaintiff says that the past due benefits are $214,164. Twenty-five percent of that amount would be $53,541. After the third lawsuit, Plaintiff did not seek fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff says that he incurred EAJA fees

of $4,200 for this third lawsuit. Since he did not apply for such fees under the EAJA, Plaintiff has deducted this amount from the fees he seeks under § 406(b), therefore seeking a total of $49,300.

■ Section 406(b) of Title 42 of the United States Code provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

Under *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Court begins its analysis of a § 406(b) fee application with the contract between Plaintiff and his counsel, and tests the reasonableness of the amount yielded by applying the percentage of recovery as authorized by the contract. The burden rests on counsel to demonstrate the reasonableness of the resulting fee. *Gisbrecht,* 535 U.S. at 807 n. 17, 122 S.Ct. 1817.

The contract here provides for the attorney to receive 25 percent "of the backpay [sic] awarded upon reversal of any unfavorable ALJ decision for work before the Court." The Court assumes that the use of the word "backpay" is a case of mistaken terminology, and that the meaning of the contract is that the attorney is to receive 25 percent of past-due *benefits.* The contract also provides that the attorney will apply for EAJA fees, and that any EAJA fees will be deducted from the attorney's fees award. (Hence, it is appropriate, as counsel has done here, to deduct the EAJA fees that counsel *should* have applied for.)

 The Court finds that counsel has not sustained his burden of demonstrating that the full twenty-five percent fee (or the 25 percent calculated against the past due benefits, less the unapplied-for EAJA fees) is a reasonable fee. The fee must result from work performed in court. As the Ninth Circuit has said in distinguishing between fees under § 406(a) and 406(b), "[t]he statute authorizes the court to award a reasonable fee 'for such representation.' The phrase 'such representation' refers to representation 'before the court.' Thus, § 406(b) empowers courts to award attorney's fees based only on representation before the court." *Clark v. Astrue,* 529 F.3d 1211, 1215 (9th Cir.2008). *See also Black v. Astrue,* 584 F.Supp.2d 1278 (C.D.Cal.2008) (§ 406(b) fees have to be causally related to work performed in court).

This case involves a large amount of past due benefits, $214,164, and twenty-five percent of that amount is itself a large amount. Yet a substantial amount of the past due benefits has nothing to do with work counsel performed in court. There was nothing unusual about the case, no novel legal or factual issue, no difficult obstacle to overcome, that caused the past due benefits to mount. Instead, the size of the past due benefits owes significantly to the fact that this case in all its iterations took such a long time in the administrative agency before the agency decided to award benefits. It was the mere passage of time, and a lot of time at that, that caused past due benefits to keep accruing; it was not work performed by counsel. An award of fees that grows based on the Commissioner's delay and that is not based on counsel's work before the Court is a windfall to counsel.

In *Gisbrecht,* the Supreme Court stated that it was appropriate to reduce contractually-determined fees to prevent windfalls to counsel. *Gisbrecht* used as examples of appropriate reductions situations when the benefits are large in comparison to the amount of time counsel spent on the case, and when counsel was responsible for delay so that counsel would not profit from delays in court. *Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817. But long delay in receipt of benefits, and the consequent accrual of benefits, brings a windfall to the attorney's award regardless of whether the attorney is responsible for the delay or, as here, the responsibility is the fault of the Commissioner. *Gisbrecht* did not limit the analysis to a punitive measure against an unscrupulous attorney. It cited approvingly, for example, *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir.1989), in which the Court said:

> Deductions [from the 25 per cent award] should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

865 F.2d at 746. In *Crawford v. Astrue,* 586 F.3d 1142, 1151 (9th Cir.2009), the Court also read *Gisbrecht* as authorizing a downward adjustment from the 25 percent if "the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." (*Citing Gisbrecht,* and referencing *Rodriquez* as well.)

The windfall to counsel is apparent here. Thus, after the first remand on April 28, 2005, the case did not return to Court until January 23, 2008, a period of nearly three years during which past-due benefits continued to accrue (and during which, of course, there was, by definition, no work done in court by counsel). After the second remand on October 8, 2008, the case did not return to Court until December 21, 2009, a period of thirteen months during which past benefits continued to accrue.

Thus, benefits were accruing for nearly a full four years, unrelated to any work that counsel performed in court.

From the Notice of Award that Plaintiff submitted as part of its application here, the following past due benefits accrued during the following periods of time that the case was in the administrative agency after the first two remands:

| | | | |
|---|---|---|---|
| June 2005–December 2005 | $1758.60 × 6 | = | $10,551.60 |
| December 2005–December 2006 | $1830.70 × 12 | = | $21,968.40 |
| December 2006–December 2007 | $1891.10 × 12 | = | $22,693.20 |
| November 2008–December 2008 | $1934.50 × 1 | = | $ 1,934.50 |
| December 2008–November 2009 | $2046.70 × 12 | = | $24,560.40 |
| Total | | | $81,708.10 |

Deducting this amount from the total removes the basis for the windfall of an attorney's fees award. Therefore, the appropriate calculation is:

| | |
|---|---|
| Past-due benefits | $214,164.00 |
| <benefits not due to court activity> | - 81,708.10 |
| Remaining benefits | $132,455.90 |

Twenty-five percent of this amount yields an attorney's fee of $33,113.98, still a sizable award. This is the reasonable fee under the contract, as construed pursuant to *Gisbrecht* and like cases.

 It must be remembered that every dollar that goes to the attorney comes out of an award that otherwise should be going to a person whom the law has said is exceedingly needy. This "humanitarian policy of the Social Security program to benefit the disabled," *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 248 (6th Cir.1983), thus demands that the Court look carefully at fee applications and ensure the reasonableness of any award, as being related to counsel's efforts, not a windfall. It must be remembered too that there are other ways in which counsel can get recompense. By contract here, and by statute in general, counsel can seek fees for work performed not in court but before the administrative agency. 42 U.S.C. § 406(a). And counsel does not need to wait for an award of past due benefits before receiving *any* fees. As here, counsel can receive fees under the EAJA upon remand for further proceedings (even if, ultimately, the claimant receives *no* past benefits).

In accordance with the foregoing, the Commissioner shall pay Plaintiff's counsel the sum of $33,113.98, from past due benefits. As required by law, upon receipt of this sum, counsel shall reimburse Plaintiff the sum of fees previously awarded under the EAJA. Counsel previously was awarded $6,200 under the EAJA. As noted, by contract, counsel was required to seek fees under the EAJA after the third remand, but did not do so. In his application, counsel asserts that it therefore is appropriate to assume that fees of $4,200 would have been awarded under the EAJA for the third remand, and deduct that amount from the past due benefits as well. Accordingly, upon receipt of the attorney's fees award from the Commissioner, counsel shall reimburse Plaintiff the total of the two sums, $6,200 and $4,200, or $10,400.

IT IS SO ORDERED.