**NOT FOR PUBLICATION**

JAN 25 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTH ANN MILLER, | No. 11-35530 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00337-HA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted January 17, 2012[**]

Before:      LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Tim Wilborn, the attorney of record for Ruth Ann Miller and the real-party-

in-interest, appeals from the district court's order granting in part his motion for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

attorney's fees under 42 U.S.C. § 406(b) based on a contingent-fee agreement with Miller. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc), and we affirm.

The district court did not abuse its discretion by reducing the fees from the amount specified in the fee agreement based on the court's assessment of what was reasonable given the risk and complexity involved in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (stating that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order"); *Crawford*, 586 F.3d at 1152-53 (explaining that courts should assess the complexity and risk involved in the specific case at issue, rather than social security cases in general, when analyzing the reasonableness of the requested fees); *see also Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008) ("The district court abuses its discretion if it does not apply the correct legal standard or rests its decision on a clearly erroneous finding of fact.").

**AFFIRMED.**