**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD L. DAVIS, | No. 10-35627 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06352-PK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Alan Stuart Graf, the attorney of record for Edward L. Davis and the real-

party-in-interest, appeals from the district court's judgment granting in part his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion for attorney's fees under 42 U.S.C. § 406(b) based on a contingent-fee agreement with Davis. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc), and we affirm.

The district court did not abuse its discretion by reducing the fees from the amount specified in the fee agreement based on the court's assessment of what was reasonable given the risk and complexity involved in this case and the effective hourly rate yielded by the award of fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (stating that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order," and that the court may consider the hours spent and the normal billing rate); *Crawford*, 586 F.3d at 1152-53 (explaining that courts should assess the complexity and risk involved in the specific case at issue, rather than social security cases in general, when analyzing the reasonableness of the requested fees); *see also Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008) ("The district court abuses its discretion if it does not apply the correct legal standard or rests its decision on a clearly erroneous finding of fact.").

**AFFIRMED.**