**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCRETIA BURKARD, | No. 11-35799 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01073-PK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Tim Wilborn, the attorney of record for Lucretia Burkard and the real-party-

in-interest, appeals from the district court's order granting in part his motion for

attorney's fees under 42 U.S.C. § 406(b) based on a contingent-fee agreement with

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Burkard. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc), and we affirm.

The district court did not abuse its discretion by reducing the fees from the percentage specified in Wilborn's fee agreement based on the court's assessment, under the appropriate legal standard, of what fees were reasonable given the risk and complexity involved in this case. *See id*. at 1152-53 (explaining that courts should assess the complexity and risk involved in the specific case at issue, rather than social security cases in general, when analyzing the reasonableness of the requested fees); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."); *Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008) ("The district court abuses its discretion if it does not apply the correct legal standard or rests its decision on a clearly erroneous finding of fact.").

**AFFIRMED.**