**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA E. LABOY | No. 14-15211 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00596-RLH-CWH |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted December 11, 2015
San Francisco, California

Before: BYBEE and CHRISTEN, Circuit Judges, and CHEN, District Judge.[**]

Real-party-in-interest Marc. V. Kalagian appeals the district court's order

granting a reduced attorney's fees award after he represented Sandra E. Laboy in

her claim for Social Security benefits. We have jurisdiction over this appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

pursuant to 28 U.S.C. § 1291. We review a district court's award of attorney's fees pursuant to 42 U.S.C. § 406(b) for abuse of discretion. *Crawford v. Astrue*, 586 F.3d 1142, 1146-47 (9th Cir. 2009) (en banc). Having reviewed the record and the parties' briefs on appeal, we vacate the district court's fee award and remand.

The award of attorney's fees in social security cases is governed by 42 U.S.C. § 406. 42 U.S.C. § 406(a) governs fees for the representation of a claimant before the Social Security Administration (SSA), while 42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court. Each section imposes a separate 25% cap on the amount that can be awarded to an attorney. Section 406(b) "limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits." *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).

In the appeal of the SSA's denial of benefits to the district court, the parties jointly stipulated to remand the case for a new hearing. On remand, the ALJ found that Plaintiff was disabled. The Social Security Commissioner awarded $112,657.00 in past benefits, and withheld 25% – $28,164.25 – for attorney's fees.[1] Kalagian's contingent-fee agreement with Ms. Laboy tracks § 406(a) and (b) in

---

[1]Plaintiff has filed an unopposed motion asking this court to take judicial notice of the SSA's letter on the withholding of past-due benefits for attorney's fees. We **GRANT** Plaintiff's motion. *See* FED R. EVID. 201(b)(2).

providing for separate fee recovery for work before the agency and the court. Under that agreement, for representation before the court, Kalagian was entitled to 25% of the past-due benefits awarded to Laboy. Kalagian moved for attorney's fees for work before the district court pursuant to 42 U.S.C. § 406(b), requesting $20,000.00 (71% of the contract amount). The district court reduced the requested fee award to $5,914.49, representing 21% of the contract fee, because only 21% of the total hours was spent before the court as opposed to hours spent before the agency.

This 21% apportionment was an abuse of discretion because it was based on the aggregate time spent before both the court and the agency, and the district court assumed that the aggregate was subject to a single 25% limit. Under *Clark*, the 25% cap in § 406(b) applies only to fees for representation before the court. Such fees are assessed independent of fees for work before the agency. Likewise, the fee agreement also provided for separate fee awards for agency and court representation.

Accordingly, we vacate the district court's award of attorney's fees and remand this case to the district court for reassessment of an appropriate fee. On remand, the district court should only consider the time spent before the court in awarding attorney's fees under § 406(b), and should begin its analysis "by looking

first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In assessing the reasonableness of the fee agreement, the district court should not start with the lodestar calculation, but should instead consider "'the character of the representation and the results the representative achieved.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). The lower court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The district court may also require counsel to submit a record of hours spent and a statement of normal hourly billing charges, but a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee. *Id.* If the district court reduces the requested fee award as unreasonable, it must provide a "concise but clear explanation of its reasons for the fee award." *Crawford*, 586 F.3d at 1152 (internal quotations and citation omitted).

**REVERSED and REMANDED.**