**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT LANE,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-15438

D.C. No. 2:13-cv-01125-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before:  KELLY,[**] GOULD, and R. NELSON, Circuit Judges.

Robert Lane's ("Lane") attorney and real party in interest, Eric Slepian

("Slepian"), appeals the district court's order granting in part and denying in part

his request for attorney fees under 42 U.S.C. § 406(b).  We have jurisdiction under

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

28 U.S.C. § 1291, and we affirm.

Lane and Slepian entered into a written contingency fee agreement, which allowed Slepian to recover 25% of awarded backpay for any work performed at the federal court. Slepian expended 34.6 hours before the district court, and Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), conceded error and voluntarily remanded to the Social Security Administration ("SSA"). On remand, the SSA found Lane disabled, resulting in a backpay award of $275,926 for Lane.

Slepian petitioned the district court for an award of fees pursuant to 42 U.S.C. § 406(b), which provides a judicial check on the reasonableness of contingency fee agreements for representing Social Security benefits claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). Slepian petitioned for $58,981.50, amounting to $10,000 less than the 25% provided by the fee agreement. The district court reduced the fee to 10% of the past-due benefits, or $27,592.60, concluding that the requested fee was disproportionate to the time spent on the case and the risk that counsel had undertaken.

The district court did not abuse its discretion in reducing the fee award to 10% of the awarded backpay. *See Crawford v. Astrue*, 586 F.3d 1142, 1146–47 (9th Cir. 2009) (en banc). The district court appropriately started with the fee agreement and adjusted downward. *See id.* at 1148–51. The district court may

2

reduce the award "for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151 (citing *Gisbrecht,* 535 U.S. at 808). Here, the district court did that, concluding that the award was disproportionate to the hours worked before the court and that there was minimal risk involved.

Slepian contends that the district court abused its discretion by applying a lodestar method. We reject this argument. The Supreme Court in *Gisbrecht* acknowledged that the district court may consider the lodestar calculation as an aid to assess the reasonableness of the fee. *Crawford*, 586 F.3d at 1151. The district courts in *Crawford* had abused their discretion by starting with the lodestar amount and applying an "'enhancement' as a percentage of the lodestar[.]" *Id.* at 1150. But here the district court appropriately started with the fee agreement and then adjusted downward. Although the district court expressed the amount in terms of an hourly rate, there is no indication that the district court employed "[a]ll of the normal lodestar language and methodology" as the district courts in *Crawford* did. *Id.* at 1150.

Next, Slepian argues that the district court rested its decision on a clearly erroneous finding of fact. *See Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008) ("The district court abuses its discretion if it . . . rests its decision on a clearly erroneous finding of fact."). The district court determined that the risk in the case

3

was minimal because the Commissioner conceded error and requested a reversal and remand. Slepian contends that the Commissioner's request to remand did not lessen the risk in accepting representation because the Commissioner did not request to remand until after Lane had submitted an opening brief. This argument does not establish an abuse of discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc) (holding that the abuse of discretion "test then requires us to determine whether the district court's findings of fact . . . were illogical, implausible, or without support in inferences that may be drawn from facts in the record."). If the Commissioner conceded error at all, one could infer it must not have been a particularly difficult case in the first place and that an experienced Social Security attorney could recognize that it was a less risky case before accepting representation.

Finally, Slepian contends that the district court did not adequately explain why it reduced the fee to 10% of recovered backpay. District courts must "explain why the percentages . . . produced a reasonable fee in each case." *Crawford*, 586 F.3d at 1152. Where the district court awards a substantially reduced fee, it must "articulate[ ] its reasoning with more specificity[.]" *Id.* (quoting *Moreno*, 534 F.3d at 1111). Here, the district court's reasoning was sufficiently "concise but clear." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (emphasis removed). It

4

was "comprehensible" and "provide[d] an explanation that we can meaningfully review." *See id.* at 1111, 1113.

"Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808. Under this highly respectful review, we cannot conclude that the district court abused its discretion.

**AFFIRMED.**