NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGAN YONELY SORIANO, | No. 19-56171 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02373-AS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alka Sagar, Magistrate Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: KELLY,** GOULD, and R. NELSON, Circuit Judges.

Young Cho ("Cho"), attorney of Ragan Yonely Soriano ("Ragan") and real

party in interest, appeals the district court's order granting in part and denying in

part his request for attorneys' fees under 42 U.S.C. § 406(b) of the Social Security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soriano and Cho entered into a written contingency fee agreement, which allowed Cho to recover 25 percent of awarded backpay for any work performed at the federal court.  Cho spent 13.1 hours and his paralegal spent 4.6 hours representing Soriano before the district court.  The Social Security Administration ("SSA") conceded error and voluntarily remanded to the agency.  On remand, the agency ultimately issued a decision finding Soriano disabled, resulting in a retroactive benefits award of approximately $113,420.

Cho petitioned the district court for an award of fees pursuant to 42 U.S.C. § 406(b), under which a court reviews the reasonableness of contingency fee agreements for representing Social Security benefits claimants.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Cho requested $20,000, amounting to 17.6 percent of the awarded backpay.  The district court reduced the fee to $15,000.

We review the district court's award of attorneys' fees under 42 U.S.C. § 406(b)(1) for abuse of discretion.  *See Crawford v. Astrue*, 586 F.3d 1142, 1146–47 (9th Cir. 2009) (*en banc*).  "The district court abuses its discretion if it does not apply the correct legal standard or rests its decision on a clearly erroneous finding of fact."  *Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008).

We cannot say that the district court abused its discretion.  The district court appropriately started with the fee agreement and adjusted downward.  *Crawford*,

2

586 F.3d at 1147–51. The district court may reduce the award "for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151 (citing *Gisbrecht,* 535 U.S. at 808). Here, the district court did that, concluding that a fee award of $20,000 would be a "windfall" in light of the small number of hours expended, a relatively simple legal issue and medical record, and the fact that former counsel had produced a thorough analysis before the SSA. Cho has not shown that these findings were "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (*en banc*).

Cho contends that the district court abused its discretion by applying the lodestar method. Although the district court expressed the fee amount in terms of an hourly rate for Cho's time and the paralegal's time, we see no abuse of discretion here. *Crawford* prohibits a district court from beginning with a lodestar method instead of the contingency fee agreement when performing its reasonableness analysis on requested attorneys' fees under 42 U.S.C. § 406(b)(1). *Crawford*, 586 F.3d at 1148. However, *Crawford* does not prohibit the calculation of a *de facto* hourly rate. *See id.* A district court can use the number of hours counsel spent on the case before the district court and "counsel's regular hourly billing charge for noncontingent cases" as "an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id.* (citing *Gisbrecht*, 535

3

U.S. at 808).  The district court started with the fee agreement, and nothing indicates that the district court was using the hourly rate as anything more than an aid to determine whether the amount requested was reasonable and whether a downward adjustment was warranted.

**AFFIRMED.**